IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

IN RE:                                      )
AREDIA and ZOMETA PRODUCTS                  )
LIABILITY LITIGATION                        ) NO. 3-06-MD-1760
                                            ) JUDGE CAMPBELL
This Document Relates To Case Number:       )
3:09-1124 (Patterson)                       )

MEMORANDUM

Pending before the Court is Defendant's Motion for Judgment on the Pleadings (Docket No. 3162). For the reasons stated herein, Defendant's Motion is GRANTED, and Plaintiffs' claims are DISMISSED.

FACTS

Plaintiffs sued Defendant Novartis and eight other pharmaceutical companies for products liability related to bisphosphonate drugs which Plaintiff Margaret Patterson allegedly received.[1] Plaintiffs' Complaint alleges that each Defendant, at some time, manufactured either Aredia or the generic form of Aredia and that Plaintiff Margaret Patterson received Aredia and/or generic Aredia and, as a result thereof, suffered severe osteonecrosis of the jaw. Plaintiffs allege that all Defendants are liable for strict liability, negligent manufacture, negligent failure to warn, breach of express warranty and breach of implied warranty.

---

[1] The claims against the eight other pharmaceutical companies were separated and transferred from this litigation by the United States Judicial Panel on Multidistrict Litigation.

1

Defendant Novartis has moved for judgment on the pleadings, arguing primarily that Plaintiffs have failed to allege any causal connection between any drug manufactured by Novartis and any injury to Plaintiffs. Defendant contends that Plaintiffs' Complaint fails to state that Margaret Patterson even took Aredia, as opposed to generic Aredia, and also fails to state that Aredia is the drug that caused her injuries.

## MOTIONS FOR JUDGMENT ON THE PLEADINGS

The Federal Rules of Civil Procedure provide that after the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c). The standard of review applicable to motions for judgment on the pleadings is the same as that applicable to motions to dismiss under Fed. R. Civ. P. 12(b), which requires the Court to construe the complaint in the light most favorable to the Plaintiff, accept all of the complaint's factual allegations as true, and determine whether the Plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle relief. *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 526 (6th Cir. 2006).

To survive a motion to dismiss under Rule 12(b), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id.* at 1950. A legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient. *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).

2

DISCUSSION

A fundamental principle of traditional products liability law is that the plaintiff must prove that the defendant supplied the product which caused the injury. Plaintiffs herein allege that Margaret Patterson took either Aredia or generic Aredia or maybe both Aredia and generic Aredia. They are not sure which. Similarly, Plaintiffs allege that either Aredia or generic Aredia or maybe both Aredia and generic Aredia caused her injuries. They are not sure which.

Plaintiffs contend that exactly which drug she took and which drug harmed her "remains part of discovery." Plaintiffs assert that without discovery, the exact identity of the manufacturers who injured Mrs. Patterson remains unknown. But, Defendants do not have this information. Plaintiffs are not suing Mrs. Patterson's physicians.

The information as to which drug Margaret Patterson was given is information within the reach of the Plaintiffs, information held by Plaintiff Margaret Patterson's healthcare providers, in Plaintiff Margaret Patterson's medical records, information which was available to Plaintiffs and, in compliance with Fed. R. Civ. P. 11, should have been obtained by the Plaintiffs before this lawsuit was filed.[2]

Plaintiffs have not alleged (because they apparently are not sure) that Margaret Patterson took Aredia or that Aredia caused her injury.[3] They allege that "under information and belief," Mrs.

---

[2] Similarly, several Plaintiffs from foreign countries filed complaints against Novartis in this multidistrict litigation without determining whether Novartis actually manufactured the drug which the Plaintiffs were given. As with this case, the information as to what drug the Plaintiffs were given was uniquely within the knowledge of Plaintiffs' healthcare providers, in Plaintiffs' medical records, which were available to Plaintiffs before the lawsuits were filed.

[3] Plaintiffs assert that Section IV of their Complaint, "Factual Background," explicitly alleges facts linking Aredia, Novartis' behavior and the harm suffered by Mrs. Patterson. Section IV of Plaintiffs' Complaint summarizes the arguments of all Plaintiffs in this MDL as to the alleged

3

Patterson received bisphosphonates both before and after the year 2001. Plaintiffs' Response, p. 23. Whether she did or not is within Plaintiffs' knowledge or ability to find, not something to ascertain through discovery in this lawsuit. Plaintiffs allege that Mrs. Patterson at a minimum received some drug, *either* in the form of Aredia marketed by Novartis *or* in the form of a generic marketed by one of the other named defendants (who are no longer part of this multidistrict litigation). Plaintiffs' Response, p. 7. Which drug she received is knowable without discovery from Defendants, however, and it is knowable through Plaintiff's own medical records and healthcare providers.

For these reasons, the Court finds that Plaintiffs' allegations are speculative and do not meet the *Ashcroft* standards cited above. Therefore, Defendant's Motion for Judgment on the Pleadings is GRANTED, and this action is DISMISSED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

---

wrongdoing of Defendants, but it never mentions Mrs. Patterson except in the last sentence, which alleges that "upon information and belief," the amount of the drug actually administered to Mrs. Patterson (which drug is not identified) constituted an overdose.